UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
Chief United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

July 8, 2025

MEMORANDUM TO PARTIES RE:    <u>Williams v. Amerisave Mortgage</u>
<u>Corporation, et al.</u>
Civil Action No. GLR-25-2053

Dear Parties:

Pending before the Court is self-represented Plaintiff Sharon White Williams' Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 2).[1] No hearing is necessary. <u>See</u> Local Rule 105.6 (D.Md. 2025). For the reasons set forth below, the Court will deny the Motion.

**<u>Background</u>**

On or about May 24, 2022, self-represented Plaintiff Sharon White Williams executed a promissory note and mortgage for $735,000 for the purchase of the subject property located at 6364 Euclid Avenue, Elkridge, MD 21075-5622. (Compl. ¶ 2, ECF No. 1; Mot. TRO Prelim. Inj. ["Mot."] at 1, ECF No. 2).[2] Defendant AmeriSave Mortgage Corporation ("AmeriSave") was the lender and original servicer of the loan. (Compl. ¶¶ 2–3). AmeriSave later transferred servicing rights to Defendant Planet Home Lending LLC ("Planet Home Lending"). (<u>Id.</u> ¶ 3). At some point unknown to this Court, Williams alleges that AmeriSave sent her IRS form 1099-C, which indicated the cancellation of her loan. (<u>Id.</u> ¶ 7). But Defendants continued to demand monthly loan payments. (<u>Id.</u> ¶ 6). Williams alleges that she submitted Qualified Written Requests and Billing Error Notices to AmeriSave; however, she did not receive an adequate response. (<u>Id.</u> ¶ 8). In or around April 2025, Planet Home Lending allegedly recorded a false assignment of Williams' property with Howard County Land Records. (<u>Id.</u> ¶ 13). Williams asserts that Defendants are "threatening to proceed with foreclosure, collection, and damage to [her] credit and property rights by or before July 10, 2025." (Mot. ¶ 3).

Williams filed the above-captioned Complaint on June 27, 2025, against Defendants

---

[1] Also pending before the Court is Williams' Motion to Shorten Time for Response to Motion for Temporary Restraining Order (ECF No. 3). In this Motion, Williams asks that the Court shorten the time for Defendants to respond to her Motion for Temporary Restraining Order. (Mot. Shorten Time at 1, ECF No. 3). Because the Court will deny Williams' Motion for Temporary Restraining Order, her Motion to Shorten Time for Response to Motion for Temporary Restraining Order will be denied as moot.

[2] Citations to page numbers refer to the pagination assigned by the Court's Case Management/Electronic Files ("CM/ECF") system.

AmeriSave and Planet Home Lending for eight counts of: fraudulent debt and misrepresentation (Count I); unauthorized use of personal information and financial instruments (Count II); wire and mail fraud in violation of 18 U.S.C. §§ 1341, 1343 (Count III);[3] Racketeer Influenced and Corrupt Organizations Act ("RICO") violations (Count IV); UCC violations (Count V); Truth in Lending Act ("TILA") violations (Count VI); unjust enrichment (Count VII); and violations of VA Loan Guaranty and Foreclosure laws, 38 U.S.C. § 3732 (Count VIII). (Compl. at 8–11). Williams seeks injunctive and declaratory relief, compensatory damages of $1,355,000, and other costs associated with this action. (Id. at 12).

On June 27, 2025, Williams also filed a Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 2). Williams certifies that a copy of the instant Motion was provided to Defendants via certified U.S. mail, hand delivery, and email (Certificate of Service at 3, ECF No. 2-1). To date, Defendants have not filed a response.

## Preliminary Injunction / Temporary Restraining Order

The Court will deny Williams' request for a preliminary injunction or temporary restraining order because there is nothing in the record to suggest that Defendants have initiated foreclosure proceedings, (see generally, Compl.; Mot.), and even if there was, Williams' request is likely barred under the Anti-Injunction Act.

Claims for temporary restraining order and preliminary injunction are governed by the same four-part test, which requires that a claimant show: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the party's favor; and (4) that the injunction is in the public interest. See Sarsour v. Trump, 245 F.Supp.3d 719, 728 (E.D.Va. 2017); Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Further, pleadings drafted by self-represented plaintiffs are held to a less stringent standard than those drafted by attorneys, and courts must liberally construe such pleadings. Haines v. Kerner, 404 U.S. 519, 520 (1972).

Turning to the first prong, Williams does not show a likelihood of success on the merits. Williams asks this Court for a temporary restraining order and preliminary injunction to enjoin a threat of foreclosure. (Mot. at 2). Assuming, arguendo, that a foreclosure proceeding is scheduled, and there is nothing to suggest that it is, her request for injunctive relief is likely barred under the Anti-Injunctive Act ("AIA"). Brown v. Ocwen Loan Servicing, LLC, No. PJM 14-3454, 2015 WL 5008763, at *4 (D.Md. Aug. 20, 2015), aff'd, 639 F.App'x 200 (4th Cir. 2016). Under the AIA, this Court may not grant "an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283; see also Tucker v. Specialized Loan Servicing, LLC, 83 F.Supp.3d 635, 641 (D.Md. 2015); Williams v. Cohn, No. PX-16-2886, 2016 WL 4415058, at *2 (D.Md. Aug. 19, 2016). Because foreclosure proceedings generally only occur after a loan servicer obtains a state-court judgment for the unpaid balance of a loan, this Court has found that

---

[3] This claim is listed as Count IV in Williams' Complaint. (Compl. at 10, ECF No. 1). Count III of Williams' Complaint is for "Ongoing Harm." (Id.). Because this is not a valid cause of action the Court will disregard it and renumber the claims accordingly.

requests for injunctive relief result in precisely the type of interference and "disruption of state proceedings that the [AIA] was designed to avoid." Brown, 2015 WL 5008763, at *4; see also Jones v. Specialty Lending Grp., No. RWT-17-1577, 2017 WL 6997840, at *1 (D.Md. June 12, 2017) (plaintiff "does not identify, nor is the Court aware of, any Act of Congress that expressly authorizes this Court to stay foreclosure proceedings . . . . Consequently, the Court cannot grant [plaintiff] the requested relief of enjoining the foreclosure proceeding against the Property."); Brooks v. Cama Self Directed IRA, LLC, No. JKB-18-2299, 2019 WL 418412, at *4 (D.Md. Jan. 31, 2019) (explaining that the AIA bars injunctive relief to prevent foreclosure). Here, Williams not only fails to identify any actual foreclosure proceedings, but even if she had the Court is likely without authority to intervene. Accordingly, the Court finds that Williams has not shown that she is likely to succeed on the merits of her claim.

Further, Williams cannot demonstrate a likelihood of irreparable harm in the absence of preliminary relief because Defendants have not sought foreclosure of her property. (See generally, Compl.; Mot.). Without more, Williams' assertion that Defendants may proceed with a foreclosure "by or before July 10, 2025," (Mot. ¶ 3), is too speculative for the Court to consider. See Granados v. Bank of Am., N.A., No. GBL-15-752, 2015 WL 4994534, at *3, 6 (E.D.Va. Aug. 19, 2015) (finding plaintiff failed to show a likelihood of irreparable harm because plaintiff's claim that defendants "may intend" to foreclose on plaintiff's property did not constitute an actual threat as there was no ripe controversy nor threat of irreparable harm). Accordingly, the Court finds that Williams is not entitled to emergency relief on this basis.

For the foregoing reasons, Williams' Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 2) is DENIED. Williams' Motion to Shorten Time for Response to Motion for Temporary Restraining Order (ECF No. 3) is also DENIED as MOOT. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly. The Clerk shall mail a copy of this Order to Williams' address on record.

Entered this 8th day of July, 2025.


_____
/s/
George L. Russell, III
Chief United States District Judge