IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHARON WHITE WILLIAMS,                *

     Plaintiff,                           *

v.                                    *            Civil Action No. GLR-25-2053

AMERISAVE MORTGAGE               *
CORPORATION, et al.,
                              *

     Defendants.                         *

***

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant Planet Home Lending LLC's ("Planet Home Lending") Motion to Dismiss (ECF No. 10) and Defendant AmeriSave Mortgage Corporation's ("AmeriSave") Motion to Dismiss (ECF No. 14).[1] The Motions

---

[1] Also pending before the Court is self-represented Plaintiff Sharon White Williams's Motion for Default Judgment against Amerisave (ECF No. 13). The Motion will be denied for two reasons. First, the Motion was filed prematurely, as Federal Rule of Civil Procedure 55 requires that the clerk enter default before a plaintiff may file a motion for default judgment. (See ECF Nos. 12, 13 (filing motion for default judgment before clerk entered default)); see also Jha v. XCube Rsch. & Dev., Inc., No. PX-18-364, 2018 WL 4538552, at *1 (D.Md. Sep. 20, 2018). But even if the Motion were procedurally proper, it would still be denied in the exercise of this Court's discretion, as AmeriSave filed its Motion to Dismiss within one day of the responsive pleading deadline. (Compare ECF No. 9, with ECF No. 14); Fed.R.Civ.P. 12(a); Mitchell v. First Cent. Bank, Inc., No. 2:08CV6, 2008 WL 4145451, at *2 (N.D.W.Va. Sep. 8, 2008) (recognizing "that default judgments are inappropriate when a party untimely files an answer or other defensive pleading by only a few days"); see also Aikens v. Ingram, 652 F.3d 496, 523 (4th Cir. 2011) (noting that the Fourth Circuit has articulated a "strong preference that cases be decided on their merits"). Moreover, Williams has made no showing that she suffered any undue prejudice on account of Amerisave's one-day late filing. (See generally Mot. Default J., ECF No. 13). Accordingly, the Court will deny the Motion for Default Judgment.

are ripe for disposition, and no hearing is necessary. <u>See</u> Local Rule 105.6 (D.Md. 2025).

For the reasons outlined below, the Court will grant Defendants' Motions to Dismiss.

## I.    BACKGROUND

### A.    <u>Factual Background</u>[2]

This Court previously summarized the relevant facts in its July 8, 2025 Letter Order:

> On or about May 24, 2022, self-represented Plaintiff Sharon White Williams executed a promissory note and mortgage for $735,000 for the purchase of the subject property located at 6364 Euclid Avenue, Elkridge, MD 21075-5622. (Compl. ¶ 2, ECF No. 1; Mot. TRO Prelim. Inj. ["Mot."] at 1, ECF No. 2).[3] Defendant AmeriSave Mortgage Corporation ("AmeriSave") was the lender and original servicer of the loan. (Compl. ¶¶ 2–3). AmeriSave later transferred servicing rights to Defendant Planet Home Lending LLC ("Planet Home Lending"). (<u>Id.</u> ¶ 3). At some point unknown to this Court, Williams alleges that AmeriSave sent her IRS form 1099-C, which indicated the cancellation of her loan. (<u>Id.</u> ¶ 7). But Defendants continued to demand monthly loan payments. (<u>Id.</u> ¶ 6). Williams alleges that she submitted Qualified Written Requests and Billing Error Notices to AmeriSave; however, she did not receive an adequate response. (<u>Id.</u> ¶ 8). In or around April 2025, Planet Home Lending allegedly recorded a false assignment of Williams' property with Howard County Land Records. (<u>Id.</u> ¶ 13).

(July 8, 2025 Letter Order at 1, ECF No. 8).

### B.    <u>Procedural History</u>

On March 17, 2025, Williams filed a civil lawsuit against Defendants AmeriSave

and Planet Home Lending in the Circuit Court for Howard County, Maryland, in which she

---

[2] Unless otherwise noted, the Court takes the following facts from Williams's Complaint, (ECF No. 1), and accepts them as true. <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).

[3] Citations to page numbers refer to the pagination assigned by the Court's Case Management/Electronic Files ("CM/ECF") system.

requested that the State court "halt pending foreclosure proceedings against [her] property," among other things. (State Compl. at 1, 6, ECF No. 10-12).[4] Three months later, Williams initiated this action by filing a Complaint and Motion for Temporary Restraining Order ("TRO") against Defendants, on June 27, 2025. (ECF Nos. 1, 2). In her Complaint before this Court, Williams brings nine claims against Defendants for: fraudulent debt and misrepresentation (Claim I); unauthorized use of personal information and financial instrument (Claim II); ongoing harm (Claim III); wire and mail fraud under 18 U.S.C. §§ 1341, 1343 (Claim IV); civil Racketeer Influenced and Corrupt Organizations Act ("RICO") violations under 18 U.S.C. § 1962(c) (Claim V); Uniform Commercial Code ("UCC") violations (Claim VI); Truth in Lending Act ("TILA") violations under 15 U.S.C. § 1601, et seq. (Claim VII); unjust enrichment (Claim VIII); and Veterans Affairs ("VA") loan guaranty and foreclosure violations under 38 U.S.C. § 3732 (Claim IX). (Compl. at 8–11). Williams appears to seek compensatory damages of more than $25 million, an order removing all negative credit reporting entries, reconveyance of her property as "free, clear and satisfied on all public records," and all other costs as the Court deems necessary. (Id. at 12).

The Court denied the TRO on July 8, 2025. (ECF No. 8). On August 4, 2025, Planet Home Lending filed a Motion to Dismiss. (ECF No. 10).[5] Williams filed a Motion for Clerk's Entry of Default and Motion for Default Judgment against AmeriSave on August

---

[4] Williams's state court proceedings appear to be ongoing. (AmeriSave Mem. P. & A. Mot. Dismiss at 2 n.1, ECF No. 14-1).

[5] Planet Home Lending filed a corrected version of its Motion to Dismiss on August 25, 2025. (ECF No. 25).

5, 2025. (ECF Nos. 12, 13).[6] The same day, AmeriSave filed its Motion to Dismiss. (ECF No. 14). Williams filed her Opposition to Defendants' Motions to Dismiss on August 6 and 8, 2025. (ECF Nos. 16, 17). On August 27, 2025, Planet Home Lending filed a Reply (ECF No. 29), and Williams filed a Motion for Leave to File Surreply (ECF No. 30).[7] To date, AmeriSave has not filed a Reply.

## II.    DISCUSSION

### A.    Standard of Review

The purpose of a Rule 12(b)(6) motion is to "test[] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is

---

[6] The Court denied the Motion for Clerk's Entry of Default on August 28, 2025. (ECF No. 31).

[7] The Court will grant Williams's Motion for Leave to File Surreply (ECF No. 30) and will consider Williams's Surreply in its resolution of Planet Home Lending's Motion to Dismiss. Though surreplies are generally not permitted, see Local Rule 105.2(a), the Court in its discretion may allow a party to file a surreply. EEOC v. Freeman, 961 F.Supp.2d 783, 801 (D.Md. 2013), aff'd in part, 778 F.3d 463 (4th Cir. 2015). This discretion is typically used in the interest of fairness to permit parties to respond to new matters raised for the first time in the opposing parties' reply briefs. See Khoury v. Meserve, 268 F.Supp.2d 600, 605 (D.Md. 2003), aff'd, 85 F.App'x 960 (4th Cir. 2004). Courts have also used this discretion to permit self-represented parties to file surreplies even where no new matters were raised in the reply brief. See Williams v. Bartee, No. CCB-10-935, 2011 WL 2842367, at *2 (D.Md. July 14, 2011) (permitting pro se party to file surreply that does not address new material but also does not "unduly prejudice defendants"), aff'd sub nom., Williams v. Merritt, 469 F.App'x 270 (4th Cir. 2012). The Court will consider Williams's Surreply due to her self-represented status. Further, the Court finds that because the arguments contained in her Surreply do not change the outcome of its analysis below, Defendants will not be unduly prejudiced by them.

entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of Am., NA., 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cnty., 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Complaints drafted by self-represented plaintiffs are held to a less stringent standard than those drafted by attorneys, and courts must liberally construe these complaints. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). But the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

**B.    Analysis**

Defendants argue that Williams's claims should be dismissed under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of standing and for failing to state a claim upon which relief can be granted. (Planet Home Lending Mot. Dismiss at 1, ECF No. 10; AmeriSave Mot. Dismiss at 1, ECF No. 14). At bottom, the Court agrees with Defendants and will dismiss Williams's claims.

**1.    Claim I: Fraudulent Debt and Misrepresentation Violation**

Under Maryland law, a plaintiff seeking to allege civil fraud based on an affirmative misrepresentation must show that:

> (1) the defendant made a false representation to the plaintiff, (2) the falsity of the representation was either known to the defendant or the representation was made with reckless indifference to its truth, (3) the misrepresentation was made for the purpose of defrauding the plaintiff, (4) the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) the plaintiff suffered compensable injury as a result of the misrepresentation.

Hoffman v. Stamper, 867 A.2d 276, 292 (Md. 2005). Additionally, Federal Rule of Civil Procedure 9(b) requires a plaintiff to plead the circumstances constituting fraud with particularity. Fed.R.Civ.P. 9(b); Lay v. Caesars Enter. Servs., LLC, No. CCB-18-96, 2018 WL 1947050, at *4 (D.Md. Apr. 25, 2018) (quoting Spaulding v. Wells Fargo Bank, N.A., 714 F.3d 769, 781 (4th Cir. 2013)). "These 'circumstances include the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" Lay, 2018 WL 1947050, at *4 (quoting Spaulding, 714 F.3d at 781).

Here, the Court finds that Williams's claim fails because she does not adequately allege that Defendants made any false representations, nor does she allege that she relied on any misrepresentations made by Defendants. Williams asserts that on or about May 24, 2022, she "executed a promissory note and mortgage for $735,000 for the purchase of the subject property, naming AmeriSave Mortgage Corporation as the lender." (Compl. at 8). Curiously, about a half-page later, Williams alleges that "[i]n or around May 2022, AmeriSave . . . falsely claimed that [she] owed a balance on [her] home loan, even though the original promissory note had been securitized and paid in full." (Id.). In support of her claim that the loan was paid in full, Williams explains that the "debt had been extinguished through the securitization process and the cancellation of debt using IRS Form 1099-C." (Id. at 9). Yet, "securitization of a mortgage does not affect the terms and obligations of the underlying mortgage," Suggs v. M & T Bank, 230 F.Supp.3d 458, 464 (E.D.Va. 2017), aff'd sub nom., Suggs v. M&T Bank, 694 F.App'x 180 (4th Cir. 2017), and the IRS Form referenced by Williams refers to a $1,335,000 debt from 2011—not the $735,000 mortgage from 2022, (1099-C at 2, ECF No. 13-1).[8] Without more, the Court finds that Williams

---

[8] While a court may not ordinarily consider extrinsic evidence when resolving a Rule 12(b)(6) motion, see Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC, 794 F.Supp.2d 602, 611 (D.Md. 2011), this general rule is subject to several exceptions. For example, a court may consider documents attached to the complaint, see Fed.R.Civ.P. 10(c), as well as those attached to briefing for the motion to dismiss, so long as they are integral to the complaint and authentic, see Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006). Courts may also consider documents referred to and relied upon in the complaint—"even if the documents are not attached as exhibits." Fare Deals Ltd. v. World Choice Travel.com, Inc., 180 F.Supp.2d 678, 683 (D.Md. 2001). Here, the Court will consider the tax form in its analysis because Williams asserts that it shows the cancelation of the underlying mortgage (Compl. at 8); thus, it is integral to her Complaint, and there is no dispute as to the document's authenticity.

fails to plausibly allege that Defendants made a false representation regarding her loan balance.

But even if Williams satisfied the false representation element, her claim still fails because she never alleges, nor does the record reflect, that she relied on Defendants' supposed misrepresentations. Instead, the record suggests that Williams vehemently and consistently disagreed with AmeriSave and Planet Home Lending about the balance owed on her mortgage, and as result ceased submitting payments. (See Compl. at 8–9). For example, she "submitted Qualified Written Requests and Billing Error Notices to Ameri[S]ave" and "hired professional, certified forensic auditors to investigate [the] mortgage." (Id.); see also Coulibaly v. J.P. Morgan Chase Bank, N.A., No. DKC-10-3517, 2011 WL 3476994, at *19 (D.Md. Aug. 8, 2011) (applying Maryland law and concluding that plaintiff could not establish reliance element of fraud claim because "the complaint indicates that [plaintiff] protested many of [defendant's] actions at every opportunity"), aff'd, 526 F.App'x 255 (4th Cir. 2013). Therefore, because Williams fails to allege any facts that suggest she relied on Defendants' alleged misrepresentation concerning her loan, the Court will dismiss claim I without prejudice.

## 2.    Claims II & VI: Unauthorized Use of Personal Information and UCC Violations

The crux of Williams's second and sixth claims is that her original promissory note "was endorsed and sold into the secondary mortgage market without [her] knowledge or consent," (Compl. at 9) and thus, Defendants "failed to produce . . . lawful assignments," (id. at 11). As Planet Home Lending aptly explains, however, "borrowers do not have

standing to challenge the assignment or securitization of their mortgage loans." (Planet Home Lending Corrected Mem. L. Supp. Mot. Dismiss ["Planet Home Lending Corrected Mot. Dismiss"] at 11, ECF No. 26); see Quattlebaum v. Bank of Am., N.A., No. TDC-14-2688, 2015 WL 1085707 at *4 (D.Md. Mar. 10, 2015) ("What the lender chooses to do with [a mortgage]-whether to keep it or sell it to another financial institution-is a decision [the mortgagor] has no standing to challenge."); Powell v. Countrywide Bank, No. PX-16-1201, 2016 WL 5815884, at *4 (D.Md. Oct. 4, 2016) ("This Court has consistently held that plaintiffs lack standing to challenge the propriety of the assignment of a mortgage loan."). As such, the Court will dismiss claims II & VI with prejudice for lack of standing.

To the extent Williams attempts to raise a TILA claim for lack of disclosure regarding the assignment of her mortgage, the Court will address this claim in Subsection II.B.6.

### 3.    Claim III: Ongoing Harm

Williams next alleges that Defendants collectively treat her as if she "owe[s] a debt that has already been satisfied," which has led "to threats of foreclosure, damage to [her] credit, and emotional and mental distress." (Compl. at 10). Under Maryland law, the "continuing harm doctrine" is not a cause of action in and of itself; rather, it tolls the statute of limitations when there are continuing violations regardless of the plaintiff's knowledge of the harm. See Litz v. Md. Dep't of Env't, 76 A.3d 1076, 1089, 1090 n.9 (Md. 2013). For this doctrine to apply, the court must determine whether the additional harm constitutes a "new affirmative act" or a "continuing ill effect" of the earlier violation. Muffoletto v. Towers, 223 A.3d 1169, 1179 (Md.Ct.Spec.App. 2020). "If the allegation 'is more properly understood as the "continuing effects of a single earlier act" then the limitations period is

not tolled.'" <u>Mills v. Galyn Manor Homeowner's Ass'n, Inc.</u>, 198 A.3d 879, 889 (Md.Ct.Spec.App. 2018) (quoting <u>Bacon v. Arey</u>, 40 A.3d 435, 469 (Md.Ct.Spec.App. 2012)), <u>aff'd sub nom.</u>, <u>Andrews & Lawrence Prof. Servs., LLC v. Mills</u>, 223 A.3d 947 (Md. 2020).

Here, the Court finds application of the continuing harm doctrine inappropriate for two reasons. First, Williams does not appear to employ the continuing harm doctrine as a means of tolling the statute of limitations on her claim, but rather as an impermissible catch-all to assert additional causes of action, like intentional infliction of emotional distress. (Compl. at 10). Thus, to the extent Williams seeks to assert additional claims, "each cause of action should be separately pleaded in its own count" in accordance with the Federal Rules of Civil Procedure. <u>N.T. v. Balt. City Bd. of Sch. Comm'rs</u>, No. JKB-11-356, 2011 WL 3747751, at *5 n.8 (D.Md. Aug. 23, 2011).

Second, assuming <u>arguendo</u> that Williams does seek to toll the statute of limitations, the continuing harm doctrine does not apply because the harms identified in claim III do not amount to a series of independent, distinct violations by Defendants. Williams's Complaint stems from Defendants' alleged misrepresentation regarding the balance owed on her home loan, which Williams discovered on or around May 2022. (Compl. at 8). According to Williams, the subsequent deterioration of her credit and mental state occurred as a result of Defendants' collection efforts. (<u>Id.</u> at 10). As such, the Court finds that the additional harms outlined in claim III are more properly understood as "continuing effects" of Defendants' alleged misrepresentation of the loan, rather than affirmative acts that constitute discrete and separate violations. <u>See</u> <u>Mills</u>, 198 A.3d. at 889. Thus, the Court

finds that the continuing harm doctrine does not apply and will dismiss claim III with prejudice.

### 4.    Claim IV: Wire & Mail Fraud under 18 U.S.C. §§ 1341, 1343

In claim IV, Williams alleges that Defendants committed criminal violations under 18 U.S.C. §§ 1341 and 1343. (Compl. at 10). Because, "[a]s a private citizen, [Williams] lacks standing to bring criminal charges," this claim will be dismissed with prejudice. Olekanma v. Chippendale, No. ELH-19-1664, 2019 WL 2904666, at *2 (D.Md. July 3, 2019).

### 5.    Claim V: Civil RICO under 18 U.S.C. § 1962(c)

"A civil RICO action 'is a unique cause of action that is concerned with eradicating organized, long-term, habitual criminal activity.'" Ekstrom v. Cong. Bank, No. ELH-20-1501, 2020 WL 6565251, at *16 (D.Md. Nov. 9, 2020) (quoting U.S. Airline Pilots Ass'n v. Awappa, LLC, 615 F.3d 312, 317 (4th Cir. 2010)). To state a RICO claim, a plaintiff must allege four elements: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity. Whitney, Bradley & Brown, Inc. v. Kammermann, 436 F.App'x 257, 258 (4th Cir. 2011).

The term "racketeering activity" is defined as "any act 'chargeable' under several generically described state criminal laws, any act 'indictable' under numerous specific federal criminal provisions, including mail and wire fraud, and any 'offense' involving bankruptcy or securities fraud or drug-related activities that is 'punishable' under federal law." Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 481–82 (1985) (citing 18 U.S.C. § 1961(1)). These acts are referred to as predicate acts. Elite Mech. & Welding, LLC v.

Chalk Point Power, LLC, No. DLB-22-3257, 2025 WL 2106751, at *6 (D.Md. July 28, 2025). To recover under civil RICO, a plaintiff's injuries must flow from the commission of the predicate acts. Id. The United States Court of Appeals for the Fourth Circuit has cautioned, however, that it "will not lightly permit ordinary business contract or fraud disputes to be transformed into federal RICO claims." Flip Mortg. Corp. v. McElhone, 841 F.2d 531, 538 (4th Cir. 1988).

While "[t]here is no per se rule against a RICO claim involving only one victim," Al-Abood ex rel. Al-Abood v. El-Shamari, 217 F.3d 225, 238 (4th Cir. 2000), the Fourth Circuit has held that a scheme with a "narrow focus," even if perpetrated "over a period of years," is not "a pattern within the meaning of RICO," Flip Mortg. Corp., 841 F.2d at 538; see also Menasco, Inc. v. Wasserman, 886 F.2d 681, 684 (4th Cir. 1989) (plaintiffs' RICO allegations did not satisfy continuity prong where "[d]efendants' actions were narrowly directed towards a single fraudulent goal," "involved a limited purpose," "involved but one perpetrator," "involved but one set of victims," and "took place over approximately one year"); Foster v. Wintergreen Real Estate Co., 363 F.App'x 269, 274 (4th Cir. 2010) (per curiam) (finding that plaintiffs "failed to show 'a distinct threat of long-term racketeering activity'" where they "failed to plead with particularity that any other persons were similarly harmed by [d]efendants' alleged fraud" (quoting H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 242 (1989))).

Here, the Court finds that Williams fails to state a civil RICO claim because she does not adequately allege that Defendants engaged in a pattern of racketeering activity. The only instance of wrongdoing that the Court infers from the Complaint relates to alleged

12

misrepresentations surrounding the balance owed on Williams's loan. (Compl. at 8); see 18 U.S.C. § 1961(5) (defining a "pattern of racketeering activity" as requiring "at least two acts of racketeering activity, . . . the last of which occurred within ten years . . . after the commission of the prior act of racketeering activity"). Because the alleged racketeering activities in this case are so narrowly tailored towards one victim, Williams, and because Williams fails to allege that anyone else was harmed by Defendants' alleged activities, the Court finds that any dispute surrounding the balance on Williams's mortgage amounts to an "ordinary business contract or fraud dispute," Flip Mortg. Corp., 841 F.2d at 538, as opposed to "ongoing unlawful activity whose scope and persistence" support a RICO claim, Anderson v. Found. for Advancement, Educ. & Emp. of Am. Indians, 155 F.3d 500, 506 (4th Cir. 1998) (quoting Menasco, 886 F.2d at 684). As such, the Court will dismiss claim V without prejudice.

### 6.     Claim VII: TILA Violations under 15 U.S.C. § 1601, et seq.

Congress passed the Truth in Lending Act ("TILA") "to assure a meaningful disclosure of credit terms" by "mandat[ing] that creditors make specific disclosures before extending credit to consumers . . . ." Jones v. Koons Automotive, Inc., 752 F.Supp.2d 670, 682 (D.Md. 2010) (quoting Tripp v. Charlie Falk's Auto Wholesale Inc., 290 F.App'x 622, 626 (4th Cir. 2008)). TILA requires the disclosure of "[t]he identity of the creditor," "[t]he 'amount financed,'" "the consumer's right to obtain, upon a written request, a written itemization of the amount financed," "[t]he 'finance charge,'" the total amount of all payments, and "the 'total sale price,'" as well as "[d]escriptive explanations" of a number of the terms, and late charges, among other terms. 15 U.S.C. § 1638(a). Thus, to state a

claim for relief under TILA, a plaintiff must allege that defendant-creditor failed to make one or more of these required disclosures before they extended credit to plaintiff. <u>Green v. Hebron Sav. Bank</u>, No. RDB-08-3391, 2010 WL 118370, at *3 (D.Md. Jan. 7, 2010).

Here, Williams alleges that Defendants "failed to disclose the . . . identity of the true creditor[] and failed to update disclosures as required by federal law." (Compl. at 11). She does not, however, make clear how or when Defendants violated TILA, and the inadequacy of her factual allegations is fatal to this claim. <u>See Somarriba v. Greenpoint Mortg. Funding, Inc.</u>, No. RWT-13-72, 2013 WL 5308286, at *8 (D.Md. Sep. 19, 2013) (dismissing TILA claim for lack of adequate factual support when plaintiff made conclusory allegations that defendants did not provide material disclosures). As such, the Court will dismiss claim VII without prejudice for failure to state a claim.

### 7.    Claim VIII: Unjust Enrichment

Williams's eighth claim is for unjust enrichment. (Compl. at 11). She argues that Defendants were unjustly enriched because they received mortgage payments to which they were not legally entitled. (<u>Id.</u>). As Defendants explain, however, Maryland courts typically do not recognize a cause of action for unjust enrichment "where the relationship of the parties is set out in a valid contract." <u>Rush v. Am. Home Mortg., Inc.</u>, No. WMN-07-854, 2009 WL 4728971, at *21 (D.Md. Dec. 3, 2009) (citing <u>Cnty Com'rs of Caroline Cnty v. J. Roland Dashiell & Sons, Inc.</u>, 747 A.2d 600, 607 (Md. 2000)); (Planet Home Lending Mot. Dismiss at 17). Exceptions to this rule apply in cases "when there is evidence of fraud or bad faith, there has been a breach of contract or a mutual recission of the

14

contract . . . or when the express contract does not fully address a subject matter." J. Roland Dashiell & Sons, Inc., 747 A.2d at 608–09 (footnotes omitted).

Here, the relationship of the parties is set out in a valid contract, as Williams admits to executing a promissory note with AmeriSave on or about May 24, 2022. (Compl. at 8). She further maintains that AmeriSave "later transferred servicing rights to Planet Home Lending, LLC." (Id.); see Nationstar Mortg. LLC v. Kemp, 258 A.3d 296, 313, 317 (Md. 2021) (noting the common law rule that "an assignee of a loan succeeds to the same rights and limitations as its assignor"). Moreover, as explained above, Williams fails to allege that Defendants engaged in fraud or any other wrongful acts in obtaining mortgage payments sufficient to survive a motion to dismiss. Cf. Rush, 2009 WL 4728971, at *21 (finding mortgage note was not a bar to plaintiff's unjust enrichment claim because plaintiff adequately alleged fraud and breach of contract claims against defendants). Therefore, the Court finds that the ratified promissory note operates as a bar to Williams's unjust enrichment claim and claim VIII will be dismissed without prejudice. See Sheard v. Bank of Am., N.A., No. PJM-11-3082, 2012 WL 3025119, at *4 (D.Md. July 23, 2012) ("[A] claim for unjust enrichment will not lie when the subject matter of the claim is covered by an express contract between the parties.").[9]

---

[9] Because Williams concedes that her ninth claim of VA loan guaranty violations under 38 U.S.C. § 3732 "does not provide a private cause of action," (Pl.'s Opp'n at 6, ECF No. 17), the Court will dismiss this claim with prejudice. See also Wright v. Wells Fargo Bank NA, No. 6:22-cv-00261-HMH-KFM, 2022 WL 2668442, at *6 (D.S.C. Apr. 6, 2022) ("[T]here is no private right of action for borrows to sue lenders regarding violations of VA regulations."), report and recommendation adopted, No. 6:22-CV-00261-JD-KFM, 2022 WL 3636464 (D.S.C. Aug. 23, 2022), aff'd, No. 22-2021, 2024 WL 49854 (4th Cir. Jan. 4, 2024).

### III.    CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motions to Dismiss (ECF Nos. 10, 14). The Court will dismiss with prejudice claims II through IV, VI, and IX. Claims I, V, VII, and VIII, however, will be dismissed without prejudice, and Williams will be granted thirty (30) days to seek leave to file an amended complaint with respect to these claims. A separate Order follows.

Entered this 21st day of January, 2026.

_____/s/_____

George L. Russell, III
Chief United States District Judge